## KLOSER v DAVIDSON et

Ohio Appeals, 9th Dist, Summit Co

No 2817. Decided March 17, 1937

Leonard M. Bertsch, Akron, for appellant.

William A. Slater, Akron, for appellee. Harry Davidson.

## OPINION

PER CURIAM:

Reference will be made to the parties as they appeared in the trial court.

This was an action to recover $100 paid in escrow by plaintiff to defendant Davidson, as escrow agent, under a contract for the purchase of real estate; and also for damages for breach of said contract.

The contract provided that plaintiff agreed to purchase certain real estate from the owners thereof (the defendants Leisinger) for the sum of $3,150, and acknowledged the receipt of $100 down payment to be held in escrow by the agent (said defendant Davidson), and further provided for the payment of the balance of the purchase price upon delivery of the deed for said premises.

Said contract further provided "In the event the first party can't deliver a deed to the second party, the hundred dollars will be refunded."

It is claimed by plaintiff that defendant Davidson was not authorized to act as agent for the owners of said premises; that he represented to plaintiff that he was so authorized, and that by reason of said false representations by defendant Davidson, plaintiff has been damaged.

Trial in the Common Pleas Court resulted in a judgment for defendant Davidson, and appeal by plaintiff on questions of law seeks here a reversal of that judgment.

We find no merit in the claim against said defendant for damages growing out of a breach of said contract.

As to the sum of $100, defendant Davidson held that as escrow agent, and whatever reason may have intervened to cause the parties to fail to consummate said contract could have no bearing upon the right of said defendant to retain said sum. He was a mere stakeholder, and under the provision of said contract providing for a refund of said money in the event the owners of said property could not deliver a deed, he was bound to refund said money when that fact became established.

The trial court should have rendered judgment for plaintiff for $100 and no more, with interest and costs. The judgment of the Court of Common Pleas is re-

versed, and the controlling facts being undisputed, this court proceeds now to render the judgment which the trial court should have rendered, and orders that plaintiff recover of defendant Davidson the sum of $100, with interest thereon from June 25, 1935, and her costs in both the Common Pleas Court and this court, with exceptions to defendant.

STEVENS, PJ, WASHBURN, J, and DOYLE, J, concur in judgment.